UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN MUNIZ,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CLOUDERA, INC., ROBERT BEARDEN, PAUL CORMIER, PETER FENTON, GARY HU, KEVIN KLAUSMEYER, JESSE A. LYNN, ROSE SCHOOLER, and MIKE STANKEY,<br><br>                              Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Edwin Muniz ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This is an action brought by Plaintiff against Cloudera, Inc. ("Cloudera" or the "Company"), and the members of Cloudera's board of directors (the "Board" or the "Individual Defendants" and together with Cloudera, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, in connection with the proposed acquisition of Cloudera by Sky Parent Inc. ("Parent"), a subsidiary of investment funds advised by Clayton, Dublilier & Rice ("CD&R") and Kohlberg Kravis Roberts & Co. ("KKR") (the "Proposed Merger").

2.      On June 1, 2021, the parties entered into an Agreement and Plan of Merger (the "Merger Agreement"), pursuant to which each Cloudera common share issued and outstanding

1

will be converted into the right to receive $16.00 in cash (the "Merger Consideration").

3. On July 6, 2021, in order to solicit Cloudera shareholders to vote in favor of the Proposed Merger, Defendants authorized the filing of a materially incomplete and misleading proxy statement on Schedule 14A (the "Proxy") with the SEC, in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In particular, the Proxy contains materially incomplete and misleading information concerning: (i) financial projections for Cloudera, and (ii) the valuation analyses performed by Cloudera's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

5. The special meeting of Cloudera shareholders to vote on the Proposed Merger is forthcoming (the "Shareholder Vote"). It is imperative that the material information that has been omitted from the Proxy is disclosed prior to the Shareholder Vote so Plaintiff can make an informed decision on the Proposed Merger and properly exercise his corporate suffrage rights.

6. For these reasons, and as set forth in detail herein, Plaintiff asserts claims against Defendants for violations of Sections 14(a) and 20(a) of the Exchange Act. Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Merger until the material information discussed herein is disclosed to Cloudera's shareholders sufficiently in advance of the Shareholder Vote or, in the event the Proposed Merger is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

8. Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over the Defendants by this Court permissible under traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r Prot. Corp. v. Vigman* 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id.* At 1316.

9. Venue is proper in this District under Section 27 of the Exchange Act and 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District. Indeed, Cloudera's common stock trades on the New York Stock Exchange, which is headquartered in this District rendering venue in this District appropriate. *See, e.g., United States v. Svoboda*, 347 F.3d 471, 484 n.13 (2d Cir. 2003) (collecting cases).

## PARTIES

10. Plaintiff is, and at all relevant times has been, a shareholder of Cloudera.

11. Defendant Cloudera is an enterprise data cloud company that provides multi-function data management and analytics software, including flow management, streams management, data engineering, data warehousing, streaming analytics, operational databases and machine learning. Cloudera is a Delaware corporation with corporate headquarters in Santa Clara, California. Cloudera's common stock trades on the New York Stock Exchange under the ticker symbol "CLDR".

12. Individual Defendant Robert Bearden is, and has been at all relevant times, a

director and the Chief Executive Officer of Cloudera.

13. Individual Defendant Paul Cormier is, and has been at all relevant times, a director of Cloudera.

14. Individual Defendant Peter Fenton is, and has been at all relevant times, a director of Cloudera.

15. Individual Defendant Gary Hu is, and has been at all relevant times, a director of Cloudera.

16. Individual Defendant Kevin Klausmeyer is, and has been at all relevant times, a director of Cloudera.

17. Individual Defendant Jesse A. Lynn is, and has been at all relevant times, a director of Cloudera.

18. Individual Defendant Rose Schooler is, and has been at all relevant times, a director of Cloudera.

19. Individual Defendant Mike Stankey is, and has been at all relevant times, a director of Cloudera.

20. The Individual Defendants referred to in ¶¶ 12-19 are collectively referred to herein as the "Individual Defendants" and with Cloudera they are referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**I.   Background and the Proposed Merger**

21. Cloudera is an enterprise data cloud company that provides multi-function data management and analytics software, including flow management, streams management, data engineering, data warehousing, streaming analytics, operational databases and machine learning.

22. Parent is a subsidiary of investment funds advised by CD&R and KKR which are

U.S. based private equity investment firms.

23. On June 1, 2021, Cloudera issued a press release announcing the Proposed Merger, which states in relevant part:

**Cloudera Enters into Definitive Agreement to be Acquired by Clayton, Dubilier & Rice and KKR for $5.3 Billion**

*Cloudera Stockholders to Receive $16.00 Per Share in Cash*

SANTA CLARA, Calif., June 1, 2021 /PRNewswire/ -- Cloudera, (NYSE: CLDR), the enterprise data cloud company, today announced that it has entered into a definitive agreement to be acquired by affiliates of Clayton, Dubilier & Rice ("CD&R") and KKR in an all cash transaction valued at approximately $5.3 billion. The transaction will result in Cloudera becoming a private company and is expected to close in the second half of 2021.

The Board of Directors of Cloudera (the "Board") has unanimously approved the transaction and recommends that the Cloudera shareholders approve the transaction and adopt the merger agreement. Entities related to Icahn Group, collectively holding approximately 18% of the outstanding shares of Cloudera common stock, have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of Cloudera common stock in favor of the transaction.

The transaction delivers substantial value to Cloudera shareholders, who will receive $16.00 in cash per share, representing a 24% premium to the closing price as of May 28, 2021 and a 30% premium to the 30-day volume weighted average share price.

"This transaction provides substantial and certain value to our shareholders while also accelerating Cloudera's longterm path to hybrid cloud leadership for analytics that span the complete data lifecycle - from the Edge to AI," said Rob Bearden, CEO of Cloudera. "We believe that as a private company with the expertise and support of experienced investors such as CD&R and KKR, Cloudera will have the resources and flexibility to drive product-led growth and expand our addressable market opportunity."

"We very much look forward to working with Cloudera as it continues to execute its long-term transformation strategy," said Je Hawn, CD&R Operating Partner who will serve as Chairman of the company upon the close of the transaction. "The company has made significant progress establishing the Cloudera Data Platform (CDP) as a leader in hybrid and multi-cloud analytics, and we believe that our experience and capabilities can offer valuable support to accelerate expansion into new products and markets." Mr. Hawn's past roles include serving as Chairman and

5

Chief Executive Officer of Quest Software, Vertafore, and Attachmate.

"We have followed the Cloudera story closely for a number of years and are pleased to be supporting its mission of helping companies make better use of their data in the ever-evolving hybrid IT environment," said John Park, KKR Partner and Head of Americas Technology Private Equity. "We are excited to contribute to Cloudera's accelerated innovation efforts as a private company."

KKR is making the investment from its North American private equity funds, adding to KKR's experience helping to grow leading global technology businesses, including GoDaddy, Internet Brands, Epicor, BMC, Optiv, Calabrio, Corel and 1-800 Contacts. CD&R's investments in technology-related businesses include Epicor, Capco, m2gen, Sirius Computer Solutions, and TRANZACT.

Closing of the deal is subject to customary closing conditions, including the approval of Cloudera shareholders and antitrust approval. The agreement includes a 30-day "go-shop" period expiring on [July 1], 2021, which allows the Board and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties – with an additional 10 days to negotiate a definitive agreement with qualifying parties. The Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and Cloudera does not intend to disclose developments with respect to the solicitation process unless and until the Board receives an acquisition proposal that it determines is a superior proposal, or it otherwise determines such disclosure is required.

**First Quarter Fiscal 2021 Financial Results**

Cloudera will announce its first quarter fiscal year 2021 financial results in a separate release today. The press release will also be available on the Investor Relations section of Cloudera's website. Due to the announced transaction with affiliates of CD&R and KKR, Cloudera has cancelled its earnings conference call previously scheduled for June 2, 2021.

**Advisors**

Morgan Stanley & Co LLC is serving as exclusive financial advisor to Cloudera, and Latham & Watkins, LLP is serving as legal advisor to Cloudera. GCA Advisors, LLC, BofA Securities, William Blair & Company, L.L.C., Perella Weinberg Partners LP, Cowen and J.P. Morgan are serving as financial advisors and Kirkland & Ellis, LLP and Debevoise & Plimpton LLP are serving as legal advisor to CD&R and KKR. J.P. Morgan, Bank of America, and KKR Capital Markets have committed to providing debt financing for the transaction.

**About Cloudera**

At Cloudera, we believe that data can make what is impossible today, possible tomorrow. We empower people to transform complex data into clear and actionable insights. Cloudera delivers an enterprise data cloud for any data, anywhere, from the Edge to AI. Powered by the relentless innovation of the open source community, Cloudera advances digital transformation for the world's largest enterprises. Learn more at Cloudera.com.

Cloudera and associated marks are trademarks or registered trademarks of Cloudera, Inc. All other company and product names may be trademarks of their respective owners.

**About Clayton, Dubilier & Rice**

CD&R is a private investment firm with a strategy predicated on building stronger, more profitable businesses. Since inception, CD&R has managed the investment of more than $35 billion in 100 companies with an aggregate transaction value of more than $150 billion. The firm has offices in New York and London. For more information, please visit www.cdr-inc.com.

**About KKR**

KKR is a leading global investment firm that offers alternative asset management and capital markets and insurance solutions. KKR aims to generate attractive investment returns by following a patient and disciplined investment approach, employing world-class people, and supporting growth in its portfolio companies and communities. KKR sponsors investment funds that invest in private equity, credit and real assets and has strategic partners that manage hedge funds. KKR's insurance subsidiaries offer retirement, life and reinsurance products under the management of The Global Atlantic Financial Group. References to KKR's investments may include the activities of its sponsored funds and insurance subsidiaries. For additional information about KKR & Co. Inc. (NYSE: KKR), please visit KKR's website at www.kkr.com and on Twitter @KKR_Co.

II.     **The Proxy Omits Material Information**

24.     On July 6, 2021, Defendants filed the materially incomplete and misleading Proxy with the SEC. The Individual Defendants had a duty to carefully review the Proxy before it was filed with the SEC and disseminated to Cloudera's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Proxy misrepresents and/or omits material information that is necessary for Cloudera's shareholders to make an informed decision

in connection with the Proposed Merger.

      A.      <u>The Misleadingly Incomplete Financial Projections</u>

25.      The Proxy omits material information regarding the financial projections for Cloudera and relied upon by Morgan Stanley in its analysis.

26.      The projections served as a primary reason for the Board to approve the Proposed Merger and for Morgan Stanley to find the Merger Consideration "fair" to Cloudera shareholders. The information is plainly material and speaks squarely to the question that the Company's shareholders must answer in determining whether to vote in favor of the Proposed Merger: Is the Merger Consideration more or less valuable than a full stake in the standalone company? Without the material information regarding the projections, Defendants present the Company's shareholders with only a fraction of the equation, rendering them unable to answer this question and assess the fairness of the Proposed Merger. Thus, the omitted information is plainly material to shareholders and must be disclosed. Notably, the projections provide values for non-GAAP financial metrics (EBIT and Unlevered Free Cash Flow), but fail to provide line items used to reconcile these metrics to the most comparable GAAP measures.

27.      With regard to future events, uncertain figures, and other so-called soft information, a company may choose silence or speech elaborated by the factual basis as then known—but it may not choose half-truths. Accordingly, Defendants have disclosed some of the valuation information relied upon by Morgan Stanley and the Board but have failed to disclose the material information regarding the projections. These omissions render the summary of Cloudera's value and financial picture in the Proxy misleadingly incomplete.

      B.      <u>The Misleadingly Incomplete Summary of Morgan Stanley's Valuation Analyses</u>

28.      The Proxy describes Morgan Stanley's fairness opinion and the various valuation

analyses performed in support of its opinion. Defendants concede the materiality of this information by including Morgan Stanley's fairness opinion and its valuation analyses among the factors considered in recommending the Proposed Merger. Proxy at 39. However, the summary of Morgan Stanley's fairness opinion and analyses provided in the Proxy fails to include key inputs and assumptions underlying the analyses. Without this information, as described below, Cloudera shareholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Merger. This omitted information, if disclosed, would significantly alter the total mix of information available to Cloudera's shareholders.

29. In summarizing Morgan Stanley's *Public Trading Comparables Analysis*, the Proxy fails to disclose the individual multiples and metrics for the companies observed in the analysis.

30. In summarizing Morgan Stanley's *Discounted Equity Value Analysis* for Cloudera, the Proxy fails to disclose: (i) the levered free cash flow estimates for Cloudera under each of the "Street Case" and the May 2021 Final Updated Forecasts, (ii) projected net cash of Cloudera, (iii) estimated fully diluted shares outstanding of Cloudera, (iv) the basis for applying a discount rate of 8.6%, and (v) Cloudera's estimated cost of equity.

31. The summary of Morgan Stanley's *Discounted Cash Flow Analysis* is also deficient. The Proxy fails to disclose: (i) the projected terminal values for Cloudera, (ii) the inputs and assumptions underlying the use of perpetuity growth rates of 2.5% to 3.5%, (iii) the inputs and assumptions underlying the range of discount rates ranging from 7.1% to 8.9%, (iv) net cash of Cloudera, and (v) net present value of net operating losses.

32. In summarizing Morgan Stanley's *Precedent Transactions Multiples Analysis*, the

Proxy fails to disclose the individual multiples and metrics and time frame for the transactions observed by Morgan Stanley in the analysis.

33. The summary of Morgan Stanley's *Illustrative Precedent Premiums* analysis, the Proxy is materially misleading because it omits to disclose: (i) the implied premia for the transactions observed, (ii) the announcement dates of the transactions, (iii) the closing share price on the last trading day prior to announcement for each acquired company, and (iv) the premia of the transactions considered.

34. In summarizing Morgan Stanley's *Equity Research Analysts' Future Price Targets* analysis, the Proxy fails to disclose: (i) the future public market trading price targets for Cloudera, (ii) the specific equity research analysts considered, and (iii) the dates of publishing of the trading price targets.

35. Absent disclosure of the foregoing material information prior to the Shareholder Vote, Plaintiff will be unable to make an informed decision regarding the Proposed Merger, and is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## COUNT I
### Against All Defendants for Violations of Section 14(a) of the Exchange Act

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to

section 78l of this title." 15 U.S.C. § 78n(a)(1).

38.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

39.     The omission of information from a proxy will violate Section 14(a) if other SEC regulations specifically require disclosure of the omitted information.

40.     Defendants have issued the Proxy with the intention of soliciting Cloudera's common shareholders' support for the Proposed Merger.  Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide critical information regarding, among other things: (i) financial projections for Cloudera, and (ii) Morgan Stanley's valuation analyses performed in support of its fairness opinion.

41.     In so doing, Defendants made misleading statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated in or omitted from the Proxy, but failed to obtain and disclose such information to Cloudera's shareholders, though they could have done so without extraordinary effort.

42.     The Individual Defendants knew or were negligent in not knowing that the Proxy is materially misleading and omits material facts that are necessary to render it not misleading. As officers or directors of the Company and signatories to the Proxy, the Individual Defendants

undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve the Proposed Merger and solicit shareholder consent; indeed, the Proxy states that Morgan Stanley reviewed and discussed their financial analyses with the Board, and further states that the Board considered the financial analyses provided by Morgan Stanley, as well as its fairness opinion and the assumptions made and matters considered in connection therewith.  Further, the Individual Defendants were privy to and had knowledge of the financial projections and the details surrounding the process leading up to the signing of the Merger Agreement.  The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be misleadingly incomplete.  Indeed, the Individual Defendants were required to review Morgan Stanley's analyses in connection with their receipt of the fairness opinion, question Morgan Stanley as to their derivation of fairness, and be particularly attentive to the procedures followed in preparing the Proxy and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

43.     The Individual Defendants were, at the very least, negligent in preparing and reviewing the Proxy.  The preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  The Individual Defendants were negligent in: (i) their decision to omit material information from the Proxy; or (ii) their failure to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully as Cloudera's officers and directors.

44.     Cloudera is also deemed negligent as a result of the Individual Defendants' negligence in preparing and/or reviewing the Proxy.

45.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who

will be deprived of his right to make an informed decision on the Proposed Merger if such misrepresentations and omissions are not corrected prior to the special meeting of Cloudera's shareholders. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II
**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Cloudera within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Cloudera, and participation in and/or awareness of Cloudera's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Cloudera, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants, as a signatory to the Proxy, was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Cloudera, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Proxy contains the unanimous

recommendation of the Board to approve the Proposed Merger.

50. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily enjoining Defendants and all persons acting in concert with them from consummating the Proposed Merger, until Defendants disclose the material information discussed above which has been omitted from the Proxy;

B. Directing the Defendants to account to Plaintiff for all damages sustained as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 14, 2021　　　　　　　　　　　　**MONTEVERDE & ASSOCIATES PC**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Juan E. Monteverde*
　　　　　　　　　　　　　　　　　　　　　　Juan E. Monteverde (JM-8169)
　　　　　　　　　　　　　　　　　　　　　　The Empire State Building
　　　　　　　　　　　　　　　　　　　　　　350 Fifth Avenue, Suite 4405
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10118
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 971-1341
　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 202-7880
　　　　　　　　　　　　　　　　　　　　　　Email: jmonteverde@monteverdelaw.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*